Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARCIAL HERNANDEZ,
*individually and on behalf of*
*others similarly situated,*

Plaintiffs,

v.

GAO ENTERPRISES LLC
(DBA GAO THAI KITCHEN),
KOSON SILLPSITTE and
VARAPHOL AMMATATHONGCHAI,

Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE**
**ACTION & F.R.C.P. 23  CLASS**
**ACTION**

**COMPLAINT**

Plaintiff MARCIAL HERNANDEZ (hereinafter referred to as "Plaintiff"),

individually and on behalf of all similarly situated current and former employees who

worked as cooks and in other non-exempt positions, brings this Action against of

Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN), KOSON

SILLPSITTE, and VARAPHOL AMMATATHONGCHAI (collectively, the "Defendants")

pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq. and the New

Jersey State Wage and Hour Law, NJSA §34:11-56 et seq ("NJWHL"), and alleges as

follows:

1

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged knowing and willful violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' intentional, systematic, and unlawful employment policies, patterns and/or practices.

2.      This Complaint seeks to recover unpaid minimum wages and overtime compensation for Plaintiff.

3.      The Plaintiff is a former employee of Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN), a New Jersey Corporation with headquarters at 63 W Main St, Ramsey, NJ 07446, and its principal, Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI, employed the Plaintiff as a cook but also did cleaning chores for Defendants' business in New Jersey.

4.       From January 2010 until January 12, 2024, Plaintiff was paid a base hourly rate of $13.75. Despite regularly working approximately sixty (60) hours per week, Plaintiff was not compensated at the statutory minimum wage rate nor paid the required overtime premium of one and one-half times his regular rate for hours worked in excess of forty (40) per workweek.

5.      At all times relevant to this Complaint, Defendants willfully and intentionally maintained a policy and practice of requiring the Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any

additional compensation, as evidenced by timesheets, employee schedules, and other relevant documentation.

6.      Upon information and belief, Defendants have knowingly, willfully, and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a calculated pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek, despite having full knowledge of their legal obligations under federal and state wage laws.

7.      Defendants willfully and intentionally refused to record all of the time that Plaintiff and similarly situated individuals employed by the Corporate Defendant worked, including the work performed in excess of forty hours each week.

8.      Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

9.      The Plaintiff, in accordance with the FLSA, assert his right to recover from the Defendants: (1) unpaid overtime wages, calculated at one-and-a-half times their regular pay rate for each hour worked over forty in a workweek, (2) unpaid minimum wages, as set by federal and state law, (3) liquidated damages equal to the amount of unpaid wages, as provided by the FLSA for willful violations, (4) prejudgment interest on the unpaid wages, calculated from the date each wage payment was due until the date of judgment, and (5) post-judgment interest; and/or (6) reasonable attorneys' fees and costs, as provided by the FLSA.

10.     By reason of such willful violations Plaintiff asserts he is entitled to recover

from the Defendants (1) unpaid overtime wages, (2) unpaid minimum wage, (3) liquidated damages, (4) prejudgment, and post-judgment interest; and/or (5) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C.§216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

12.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiff

13.    Plaintiff MARCIAL HERNANDEZ is and was at all times relevant hereto an individual residing in New Jersey.

14.    Plaintiff MARCIAL HERNANDEZ was employed by Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN) at its business located at 63 W Main St, Ramsey, NJ 07446, in the position of cook but also did cleaning chores from January 2010 until January 12, 2024. During the hiring process, HERNANDEZ was interviewed and given a job offer by Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI. As a cook, HERNANDEZ followed a work schedule set by SILLPSITTE and AMMATATHONGCHAI, received daily instructions from SILLPSITTE and AMMATATHONGCHAI regarding his duties, and was subject to disciplinary actions taken by SILLPSITTE and AMMATATHONGCHAI. HERNANDEZ also assisted in serving

customers as directed by SILLPSITTE and AMMATATHONGCHAI.

15.     At all times relevant hereto, Plaintiff HERNANDEZ was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

16.     Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN) is, is a duly organized business corporation under the laws of the State of New Jersey, with a principal place of business at 63 W Main St, Ramsey, NJ 07446, as per the available information and belief.

17.     Upon information and belief, Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN) is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims. a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

18.     Based on the available information and belief, Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI serve as a principal and/or officer of the Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN).

19.     Upon information and belief, and at all times relevant to the claims herein, Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI: (i) was known as and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN), was commonly known as and referred to as "Boss" by employees; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff, which can be substantiated by pay

stubs, corporate documents, or Plaintiff's bank records reflecting wages from Defendants; (iii) established work schedules and workload of the employees, as evidenced by work schedules, job descriptions, or internal communications; and (iv) maintained employee records, and had the authority to hire and fire employees, as proven by employment contracts, termination letters, or testimonies from Plaintiffs or other employees about hiring or firing incidents.

20.    In fact, Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI willfully hired Plaintiff, determined his work assignments, workload, and schedule, and calculated his pay, rate of pay, and hours worked.

21.    Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI acted knowingly, willfully, intentionally, and maliciously in their capacity as employers, with full awareness of their obligations under FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder, yet deliberately chose to violate these laws.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

22.    Plaintiff brings this action individually and on behalf of all other and former non-exempt cooks who have been or were employed by the Defendants for up to the last three (3) years through the entry of judgment in this case (the "Collective Action Period"). All individuals employed by Defendants within the three (3) years prior to the filing of this action through the date of final judgment in this matter (collectively, the "Collective Action Members") were subjected to Defendants' unlawful compensation practices and were denied appropriate overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA. This is due to the willful actions of the defendants, who

failed to pay at least the overtime compensation for all hours worked in excess of forty (40) hours per week.

23.    With respect to his NJWHL claims, Plaintiff asserts the same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein (the "Class Period").

24.    All said persons, including the plaintiff, are referred to herein as the "Class."

25.    The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

26.    The proposed Class is so numerous that the joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

27.    There are questions of law and fact common to the Class which dominates over any questions affecting only individual class members, including:

    a.   Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

    b.   Whether the Plaintiff and Class members are entitled to and paid minimum wage, and overtime under the NJWHL;

    c.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's employment and/or timely thereafter, and whether the failure to provide such notice caused actual damages to Plaintiff and Class members by depriving them of critical wage information needed to enforce their rights;

    d.   At what common rate, or rates subject to the common method of calculation was and are Defendants required to pay the Class members for their work;

*Typicality*

28.    The claims raised by the plaintiff are representative of the issues faced by all class members, and the relief sought by the plaintiff mirrors what other class members would seek in individual actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

29.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

***Superiority***

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

31.     Upon information and belief, Defendants and other employers throughout the state violate the NJWHL.  Current employees are often afraid to assert their rights

out of fear of direct or indirect retaliation.  Former employees are fearful of bringing

claims because doing so can harm their employment, future employment, and future

efforts to secure employment.  Class actions provide class members who are not named

in the complaint a degree of anonymity which allows for the vindication of their rights

while eliminating or reducing these risks.

32.    Plaintiff consents to be named a party herein, pursuant to 29 USC § 216(b),

and brings these claims based upon the allegations herein as representative parties of a

prospective class of similarly situated individuals under 29 USC § 216(b).

### COMMON FACTUAL ALLEGATIONS
Defendants Constitute Joint Employers

33.    Defendants owned and operated GAO ENTERPRISES LLC (DBA GAO

THAI KITCHEN), a corporate entity principally engaged in the food services industry. At all

relevant times, Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN),

KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI possessed operational

control over Defendant Corporation, possessed an ownership interest in Defendant

Corporation, and/or controlled significant functions of Defendant Corporation, including the

maintenance and distribution of required wage notices and statements. Their failure to

provide these required notices and statements prevented Plaintiff from understanding his

rights and detecting wage violations in real time, causing actual monetary losses.

34.    As a part of their regular business practices, the Defendants have

intentionally, willfully, and repeatedly violated the FLSA and wage notice requirements,

causing concrete economic injury to Plaintiffs and other class members through a

consistent pattern or policy of violations. Due to Defendants' failure to provide required

wage notices and statements, Plaintiff was unable to determine his correct pay rate,

regular rate for overtime purposes, or hours worked, resulting in underpayment of wages. This pattern and/or policy includes, inter alia, the following:

    a.  failing to pay employees the applicable minimum wage and overtime rate for all time worked in excess of forty (40) hours per week;

    b.  failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL, which prevented Plaintiff from accurately calculating his earned wages and overtime compensation, resulting in substantial underpayment of wages that continues to this day.

35.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation, as evidenced by internal communications, employee testimonies, and financial records. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff and the other class members.

36.    Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN), under Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI's direct supervision and authority, acted in line with the Defendants' interests. This included determining the rate and method of employee compensation and exercising joint control over their employees.

37.    At relevant times, Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN), KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI exercised substantial control over the Plaintiff and other similarly situated employees' working conditions, including, but not limited to setting work hours, determining pay rates, and enforcing company policies. They also held authority over the policies and practices relating to the employment and compensation of the Plaintiff and all similarly situated individuals referred to herein.

38.    Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN),

KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI jointly employed Plaintiff

and all similarly situated individuals, as evidenced by shared control over work schedules,

pay rates, and employment policies. They are the Plaintiffs' and all similarly situated

individuals' employers as defined by 29 USC 201 et seq. and the NJWHL, which stipulate

that an employer is any individual acting directly or indirectly in the interest of an employer

in relation to an employee.

39.    Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN),

KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI constitute a single

employer of the Plaintiff and/or similarly situated individuals. The business divisions

between them are fictional, as evidenced by shared HR functions, common management,

interrelation of operations, and centralized control of labor relations.

40.    At all times relevant hereto, Defendants GAO ENTERPRISES LLC (DBA

GAO THAI KITCHEN), KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI

were the Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other

applicable laws. Defendants GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN),

KOSON SILLPSITTE, and MARTIN "DOE," as the Plaintiffs' employers, exercised their

authority and control in various ways. They made hiring and firing decisions, as evidenced

by employment contracts and termination letters. For instance, upon hiring HERNANDEZ,

SILLPSITTE, and AMMATATHONGCHAI outlined the terms of his employment and

controlled his work assignments and hours. This is substantiated by HERNANDEZ's work

schedules and the detailed job descriptions provided by SILLPSITTE and

AMMATATHONGCHAI. SILLPSITTE and AMMATATHONGCHAI also determined the

rate and method of the plaintiff's compensation, as shown in HERNANDEZ's pay stubs

and his wage agreement with SILLPSITTE AND AMMATATHONGCHAI. Furthermore, Defendants actively supervised Plaintiffs' work schedules and employment conditions, including direct supervision and instructions given to HERNANDEZ, as can be substantiated by testimonies from HERNANDEZ and other employees, as well as email correspondence and memos.

41.    Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NJWHL requirements.

42.    Defendants are willfully aware of and by law are charged with the knowledge that under the FLSA, they are required to pay employees performing non-exempt duties, including the Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week, as evidenced by training materials, handbook, memos, or correspondence that discuss the FLSA.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his legally required wages, including both the lawful minimum wage and overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek, as evidenced by payroll records, pay stubs, and time sheets. Additionally, Defendants' failure to provide proper wage notices at hiring and accurate wage statements throughout employment directly caused Plaintiff concrete economic harm by preventing him from timely discovering and challenging wage violations, resulting in lost wages and compensation.

44.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

45.    Defendants failed to keep full and accurate records of Plaintiff's hours and wages, as evidenced by incomplete or missing timesheets, payroll records, and inconsistencies between Plaintiff's reported hours and actual hours worked.

### Plaintiff MARCIAL HERNANDEZ

46.    Plaintiff MARCIAL HERNANDEZ was hired by Defendant GAO ENTERPRISES LLC (DBA GAO THAI KITCHEN) to work as a cook at its business located at 63 W Main St, Ramsey, NJ 07446, starting on January 2010 until January 12, 2025. Defendants KOSON SILLPSITTE and VARAPHOL AMMATATHONGCHAI, acting in their capacity as owners and managers of GAO ENTERPRISES LLC, interviewed HERNANDEZ and extended him an offer of employment. As a cook, HERNANDEZ followed a work schedule set by SILLPSITTE and AMMATATHONGCHAI, received daily instructions from SILLPSITTE and AMMATATHONGCHAI regarding his duties, and was subject to disciplinary actions taken by SILLPSITTE and AMMATATHONGCHAI.

47.    The Plaintiff regularly worked the following schedule: Monday to Wednesday from 1:30 A.M. to 9:00 P.M., with Thursdays off; Friday to Saturday from 10:30 A.M. to 10:00 P.M.; and Sunday from 3:30 P.M. to 9:00 P.M., totaling precisely 82.5 hours per week (19.5 hours each Monday through Wednesday, 11.5 hours each Friday and Saturday, and 5.5 hours on Sunday). The Plaintiff was paid a fixed weekly salary of $825 and did not receive any tips. Additionally, the Plaintiff was provided with a 1-hour lunch break each workday.

48.    In direct violation of 29 C.F.R. § 516.2 and N.J.A.C. 12:56-4.1, Defendants knowingly, willfully, and intentionally failed to maintain any time-keeping system or records, despite being fully aware of their legal obligations to do so, thereby deliberately

preventing accurate documentation of Plaintiff's work hours, as evidenced by written communications from Defendants and testimony from other employees. This lack of time tracking mechanism not only made it impossible for Plaintiff to verify his hours of work but also enabled the Defendants to avoid paying him accurately for the hours worked.

49.     From January 12, 2022, until December 31, 2022, Plaintiff was being paid $13.75 per hour, the underpayment per week was $137.50, and the total underpayment of that period of time was $6,875. From January 1, 2023, until December 31, 2023, Plaintiff was being paid $13.75 per hour, the underpayment per week was $164.10, and the total underpayment of that period of time was $8,533. From January 1, 2024, until December 31, 2024, Plaintiff was being paid $13.75 per hour, the underpayment per week was $234.10, and the total underpayment of that period of time was $12,173. From January 1, 2025, until January 12, 2025, Plaintiff was being paid $13.75 per hour, the underpayment per week was $259.30, and the total underpayment of that period of time was $518. The total amount of unpaid wages is approximately $28,100.

50.     Defendants willfully neglected to pay Plaintiff for the substantial amount of overtime hours worked beyond the standard forty (40) hours per week.

51.     Defendants willfully failed to provide Plaintiff with accurate wage statements as required by the Fair Labor Standards Act (FLSA), including, written notice of his rate of pay, employer's regular payday, and other statutorily mandated information.

**Defendants' General Employment Practices**

52.     As part of their regular business practices, Defendants willfully and intentionally required the Plaintiffs to work without paying the proper minimum and overtime wages required by law.

53.     As part of their regular business practice, Defendants willfully disregarded

15

and purposefully evaded the record-keeping requirements of the FLSA and NJWHL by intentionally failing to maintain <u>accurate</u> and complete timesheets and payroll records.

54. By willfully and intentionally employing this practice, Defendants avoided paying the Plaintiff at the overtime rate of time and a half for all of their hours worked in excess of forty (40) hours per week.

55. Defendants willfully and intentionally failed to fulfill their statutory obligations by not posting the required wage and hour posters. They also did not provide the Plaintiff with statutorily required wage and hour records or statements of pay received. This was done to conceal their violations of wage and hour laws, and to exploit the Plaintiff's relative lack of knowledge of these laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked, (2) for overtime due, and (3) minimum wage.

57. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law. As a direct result of this failure to provide wage notices, Plaintiff and other employees suffered concrete economic injury by being unable to verify their proper rate of pay, track underpayments, or effectively challenge wage violations, resulting in substantial lost wages estimated at $28,100 for

Plaintiff alone.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
### **[Violations of the Fair Labor Standards Act—Minimum Wage and Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

58.     Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

59.     At all times relevant to this action, Defendants were Plaintiff's' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

60. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

61.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

62.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of his unpaid minimum wage and overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

17

63.    Defendants' willful and intentional failure to pay the Plaintiffs and the FLSA Collective their overtime pay violated the overtime provisions of the FLSA, specifically 29 U.S.C. § 207(a).

64.    At all relevant times, Defendants maintained, and continue to maintain, a deliberate and systematic policy and practice of knowingly and willfully refusing to pay minimum wage and overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

65.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

66.    Defendants willfully, knowingly, and with reckless disregard for the law failed to notify Plaintiff and the FLSA Collective of their rights under the Fair Labor Standards Act (FLSA) and other relevant employment laws, despite being fully aware of their legal obligation to do so. As a direct result of this failure, Plaintiff and FLSA Collective members suffered actual monetary damages by being unaware of their rights to overtime compensation and minimum wage, causing them to accept unlawfully low wages without objection.

67.    Throughout the relevant time period, Plaintiff and the FLSA collective worked in excess of forty (40) hours per workweek.

68.    At all relevant times throughout their employment, Defendants operated under a policy of willfully and intentionally failing and refusing to pay the Plaintiffs and the

FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though the Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

69.     At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

70.     Defendants' failure to pay Plaintiff overtime compensation constituted a willful violation within the meaning of 29 U.S.C. § 255(a), as evidenced by their deliberate failure to maintain required records, their conscious choice to ignore clearly applicable overtime requirements, their active concealment of wage violations, and their continued pattern of wage violations despite being aware of their legal obligations.

71.     Defendants, in violation of the FLSA, failed to pay Plaintiff HERNANDEZ agreed-upon wages by virtue of their withholding policies, time-clock policies, and chargeback policies as described herein.

72.     Defendants willfully and intentionally failed to satisfy the FLSA's recordkeeping requirements.

73.     Defendants acted willfully and knowingly in their violations of the FLSA's requirements.

74.     Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this

Court deems just and proper damaged in an amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Minimum Wage and Overtime**
**Pay Brought on behalf of Plaintiff and Rule 23 Class]**

75.    Plaintiff, on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

76.    At all relevant times, Defendants, who had hired the Plaintiff, established his work schedules, provided daily work orders, and had the power to discipline and terminate him, had a systematic policy and practice of willfully, knowingly, and with deliberate indifference refusing to pay the minimum wage and overtime compensation, while actively concealing such violations from their employees to the Plaintiff at one and one-half times the hourly rate to which the Plaintiff and the class are entitled.

77.    Defendants' willful and intentional failure to pay Plaintiff, despite their control over their work conditions and schedules, was not in good faith.

78.    By reason of Defendants' failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and Rule 23 Class, respectfully requests that this Court enter judgment providing the following relief:

1. Authorization for Plaintiff to promptly issue notice of this collective action at the earliest possible time, or alternatively, for the Court to issue such notice, to all persons who are presently, or have been employed by Defendants as non-exempt employees during the applicable statute of limitations period. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

a) 2. Certification of this case as a collective action pursuant to FLSA;

b) 3. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

c) 4. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) 5. An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e) 6. An award of unpaid minimum wages and overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

f) 7. An award of liquidated and/or punitive damages as a result of

Defendants' knowing and willful failure to pay wages at least the minimum wage and overtime compensation pursuant to 29 U.S.C. §216;

g)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to minimum wages and overtime compensation, pursuant to the NJWHL;

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i)  The cost and disbursements of this action;

j)  An award of prejudgment and post-judgment fees; and

k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 4, 2025

By: _____
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*