Nikolas S. Komyati (NJ Attorney ID No. 019902003)
Sara H. Bernstein (NJ Attorney ID No. 006272008)
**FOX ROTHSCHILD LLP**
FORMED IN THE COMMONWEALTH OF PENNSYLVANIA
*Attorneys for Defendants, Baramee Corp.*
*d/b/a Gao Thai Kitchen, Koson Sillpsitte and*
*Varaphol Ammatathongchai*
49 Market Street
Morristown, New Jersey 07960
Tel: 973.992.4800
Fax: 973.992.9125

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIAL HERNANDEZ, individually and on behalf of others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> GAO ENTERPRISES, LLC (d/b/a GAO THAI KITCHEN), KOSON SILLPSITTE, and VARAPHOL AMMATATHONGCHAI <br><br> *Defendants.* | Civil Action No. 2:25-cv-01028-CCC- AME <br><br><br> **ANSWER** |

Defendant Baramee Corp., d/b/a Gao Thai Kitchen (improperly pled as "Gao Enterprises, LLC, d/b/a Gao Thai Kitchen") ("Gao Thai Kitchen"), Koson Sillpsitte and Varaphol Ammatathongchai (collectively "Defendants") by and through their attorney, Fox Rothschild LLP, state in answer to the Complaint filed by Marcial Hernandez ("Plaintiff") as follows:

**AS TO INTRODUCTION**

1.    Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 1.

2.    Paragraph 2 of the Complaint contains no allegations thus no response is necessary. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 2.

170554247

3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint, except to state that at certain relevant times, Plaintiff worked at Gao Thai Kitchen.

4.    Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.    Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.    Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.    Paragraph 8 of the Complaint contains no allegations thus no response is necessary.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 8.

9.    Paragraph 9 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9.

10.    Paragraph 10 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 10.

## AS TO JURISDICTION AND VENUE

11.    The allegations contained in Paragraph 11 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 11.

12.    The allegations contained in Paragraph 12 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 12.

2

170554247

## AS TO PARTIES

### As to Plaintiff

13.    Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Defendants admit that, at certain relevant times, Plaintiff worked at Gao Thai Kitchen. Any and all other allegations contained in Paragraph 14, whether express or implied, are denied.

15.    The allegations contained in Paragraph 15 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 15.

### As to Defendants

16.    Defendants admit that Gao Thai Kitchen has a place of business located at 63 West Main Street, Ramsey, New Jersey 07446.  Any and all other allegations contained in Paragraph 16, whether express or implied, are denied.

17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint except to state that at certain relevant times, Gao Thai Kitchen is engaged in interstate commerce and has generated annual gross sales in excess of $500,000 per year, independent of excise taxes.

18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint, except to state that, at certain relevant times, Koson Sillpsitte and Varaphol Ammatathongchai supervised Gao Thai Kitchen employees, including setting schedules, and had the authority to hire and fire employees.

170554247

20.     Defendants deny the allegations contained in Paragraph 17 of the Complaint except to state that at certain relevant times, Koson Sillpsitte and Varaphol Ammatathongchai supervised Plaintiff's employment.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

### As TO FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 23.

24.     Paragraph 24 of the Complaint contains no allegations thus no response is necessary.  To the extent that a response is required, Defendants deny the allegations contained in Paragraph 24.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

### As to Numerosity

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

### As to Commonality

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint, including any and all subparts.

### As to Typicality

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

### As to Adequacy

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint as to Plaintiff's ability to fairly and adequately represent the class.  Defendants lack sufficient

4

information or knowledge to form a belief as to the truth as to the remainder of the allegations contained in Paragraph 29 of the Complaint.

**As to Superiority**

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Paragraph 31 of the Complaint contains no allegations thus no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 31.

32.    Paragraph 32 of the Complaint contains no allegations thus no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

## AS TO COMMON FACTUAL ALLEGATIONS

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint except to state that Gao Thai Kitchen is principally engaged in the food services industry.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint, including any and all subparts.

35.    Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint, except to state that, at certain relevant times, Defendants supervised Gao Thai Kitchen employees, including setting schedules and enforcing company policies.

38.    The allegations contained in Paragraph 38 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

170554247

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint, except to state that, at certain relevant times, Defendants supervised Gao Thai Kitchen employees, including setting schedules and enforcing company policies.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.    The allegations contained in Paragraph 44 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**As to Plaintiff Marcial Hernandez**

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint except to state that at certain relevant times, Plaintiff worked at Gao Thai Kitchen which is located at 63 West Main Street, Ramsey, New Jersey 07446.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

**As to Defendants' General Employment Practices**

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

6

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

**AS TO THE STATEMENT OF CLAIMS**
**As to Count One**
**(Violations of the Fair Labor Standards Act – Minimum Wage and Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective)**

58.    Defendants repeat and reiterate each and every response to the allegations contained in the Complaint as if set forth at length therein.

59.    The allegations contained in Paragraph 59 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 59.

60.    The allegations contained in Paragraph 60 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 60.

61.    Paragraph 61 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 61.

62.    Paragraph 62 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 62.

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations contained in Paragraph 64 of the Complaint.

170554247

65.    Paragraph 65 of the Complaint contains no allegations thus no response is necessary and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 65.

66.    Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.    Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.    Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint contains no allegations thus no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 74.

**As to Count Two**
**(Violation of New Jersey Labor Law – Minimum Wage and Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class)**

75.    Defendants repeat and reiterate each and every response to the allegations contained in the Complaint as if set forth at length therein.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint.

Defendants further deny that Plaintiff is entitled to any relief as set forth in Prayer for Relief following Paragraph 78 of the Complaint.

8

170554247

Defendants assert the following defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to state a claim for which relief can be granted.

## SECOND DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## THIRD DEFENSE

With respect to some or all of the claims brought or allegedly brought by the Plaintiff and/or the alleged putative class and collective, Defendants affirmatively pleads that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds, believing it was in complete compliance with applicable law.

## FOURTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are barred, in whole or in part, by the applicable statutes of limitation and lack of standing.

## FIFTH DEFENSE

Plaintiff and/or the alleged putative class and collective are precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff and/or the alleged putative class and collective all sums legally due under applicable laws.

170554247

## SIXTH DEFENSE

Plaintiff and/or the alleged putative class and collective may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violations of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff and/or the alleged putative class and collective, the existence of which Defendants affirmatively deny; and (3) Plaintiff has failed to plead facts sufficient to support recovery of any such damages.

## SEVENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without management or supervisory knowledge or approval.

## EIGHTH DEFENSE

There is no individual liability for the claims pursued by the Complaint.

## NINTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are barred, in whole or in part, due to the fact that Defendants have made complete and timely payment of all wages due.

## TENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims for damages are barred, in whole or in part, to the extent that said claims are speculative.

170554247

## ELEVENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims for damages are barred, in whole or in part, to the extent that he failed to mitigate.

## TWELFTH DEFENSE

Plaintiff and/or the alleged putative class and collective's causes of action are barred, in whole or in part, because they would be unjustly enriched if they were to prevail on any of the causes of action.

## THIRTEENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims against Defendants are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FOURTEENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are barred, in whole or in part, by the failure to satisfy all conditions precedent for being paid and because the amounts claimed are not "wages" under the New Jersey Wage and Hour Law, New Jersey Wage Payment Law or applicable federal law.

## FIFTEENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are barred, in whole or in part, because he acted in bad faith.

## SIXTEENTH DEFENSE

Plaintiff and/or the alleged putative class and collective's claims are barred, in whole or in part, because the activities Plaintiff allegedly performed for which he seeks compensation do not constitute compensable work under either the New Jersey Wage and Hour Law, New Jersey Wage Payment Law or applicable federal law and are not the principle activity for which he was engaged or activities integral and indispensable to those specific activities.

11

170554247

## SEVENTEENTH DEFENSE

The claims under the New Jersey Wage and Hour Law (N.J.S.A 34:11-56a *et seq*). are preempted by claims under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*).

## EIGHTEENTH DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## NINETEENTH DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## TWENTIETH DEFENSE

Plaintiff and/or the alleged putative class and collective's for punitive and/or liquidated damages are barred because Defendants acted at all times in good faith to comply with all applicable laws.

## TWENTY-FIRST DEFENSE

Plaintiff and/or the alleged putative class and collective's are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff or others were engaged in activities which were preliminary or postliminary to their principal activities and/or otherwise excluded under the Act.

## TWENTY-SECOND DEFENSE

Plaintiff and/or the alleged putative class and collective's are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the alleged actions or omissions were not in violation of the FLSA.

12

170554247

## TWENTY-THIRD DEFENSE

Plaintiff and/or the alleged putative class and collective have waived any claims they may have, which is denied, to seek relief against Defendants.

## TWENTY-FOURTH DEFENSE

Plaintiff and/or the alleged putative class and collective's are barred in whole or in part because any alleged unpaid hours worked by Plaintiff or others were *de minimis*.

## TWENTY-FIFTH DEFENSE

Plaintiff and/or the alleged putative class and collective are estopped and barred by their own conduct from recovering any relief.

## TWENTY-SIXTH DEFENSE

The Complaint is barred in whole or in part by Plaintiff and/or the alleged putative class and collective's own contributory and/or comparative fault.

## TWENTY-SEVENTH DEFENSE

The Complaint is barred by the doctrines of unclean hands, collateral estoppel, estoppel, waiver, laches, and res judicata.

## TWENTY-EIGHTH DEFENSE

Any supervisor or manager who authorized, required, requested, suffered or permitted an employee to work overtime, such supervisor or manager acted outside the scope of his or her employment with Defendants.

## TWENTY-NINTH DEFENSE

The Complaint is barred, in whole or in part, because the Named Plaintiff is not similarly situated or share common interests to the other employees under N.J.S.A. § 34:11-56.40, Fed. R. Civ. P. 23 and/or the applicable Court Rules.

13

170554247

## THIRTIETH DEFENSE

Named Plaintiff has failed to satisfy one or more of the requirements for the maintenance of a class action.

## THIRTY-FIRST DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New Jersey Wage and Hour Laws

## THIRTY-SECOND DEFENSE

The Complaint is barred, in whole or in part, because Defendants are neither a joint employer nor single unified enterprise under the Fair Labor Standards Act.

Defendants reserves the right to assert such other additional and/or affirmative defenses that may become known to them through discovery.

**WHEREFORE**, Defendants, Defendant Baramee Corp., d/b/a Gao Thai Kitchen (improperly pled as "Gao Enterprises, LLC, d/b/a Gao Thai Kitchen") ("Gao Thai Kitchen"), Koson Sillpsitte and Varaphol Ammatathongchai request judgment dismissing the Complaint against them with prejudice, together with attorneys' fees and costs of suit and such other relief as the Court deems just and proper.

FOX ROTHSCHILD LLP
*Attorneys for Defendants, Baramee Corp.,*
*d/b/a Gao Thai Kitchen, Koson Sillpsitte and*
*Varaphol Ammatathongchai*

By:_____
        Nikolas S. Komyati, Esq.
        Sara H. Bernstein, Esq.

Dated: April 22, 2025

14

170554247

## CERTIFICATION PURSUANT TO LOCAL CIV. RULE 11.2

The undersigned hereby certify that:

1.   I am an attorney licenses to practice law in the State of New Jersey and am responsible for handling the herein matter on behalf of Baramee Corp., d/b/a Gao Thai Kitchen (improperly pled as "Gao Enterprises, LLC, d/b/a Gao Thai Kitchen") ("Gao Thai Kitchen"), Koson Sillpsitte and Varaphol Ammatathongchai.

2.   To the best of my knowledge, the matter in controversy is not the subject of any other action currently pending in any court, or of any pending arbitration or administrative proceeding.

FOX ROTHSCHILD LLP
*Attorneys for Defendants, Baramee Corp.,*
*d/b/a Gao Thai Kitchen, Koson Sillpsitte and*
*Varaphol Ammatathongchai*

By:_____
       Nikolas S. Komyati, Esq.
       Sara H. Bernstein, Esq.

Dated: April 22, 2025

15

170554247

**<u>CERTIFICATE OF SERVICE</u>**

I am over the age of 18 and not a party to this action.  On this date, I caused a true copy of

the attached:

**ANSWER**

to be filed with the Clerk via ECF and served on the attorney for the party listed below via ECF

as follows:

> Lina Stillman, Esq.
> Stillman Legal, P.C.
> 42 Broadway, 12th Floor
> New York, New York 10004
> *Attorneys for Plaintiff Marcial Hernandez*

Pursuant to 28 U.S.C. § 1746, I hereby certify under the penalty of perjury that the

foregoing is true and correct.  Executed on this 22nd day of April 2025.

s/ *Sara H. Bernstein*

170554247