

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR FINAL APPROVAL OF FLSA SETTLEMENT

PRELIMINARY STATEMENT

Plaintiff Marcial Hernandez ("Plaintiff") respectfully submits this Memorandum of Law in support of his motion for final approval of the parties' Settlement Agreement resolving this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*

The Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute over wages, hours worked, and damages. It was reached after the exchange of payroll records, time records, and wage calculations, through arm's-length negotiations between experienced counsel, and reflects a meaningful compromise in light of the risks and uncertainties inherent in continued litigation. Approval of the settlement will serve the interests of justice and judicial economy.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on February 5, 2025, alleging that Defendants Gao Enterprises LLC d/b/a Gao Thai Kitchen, Koson Sillpsitte, and Varaphol Ammatathongchai (collectively, "Defendants") failed to pay him all minimum wages and overtime compensation required by the FLSA and NJWHL.

Defendants answered the Complaint, denied liability, and asserted that Plaintiff was properly compensated for all hours worked. Following the parties' initial disclosures and pre-discovery litigation activity, the parties engaged in settlement negotiations.

As part of those negotiations, Defendants produced payroll records, time sheets, and wage summaries purporting to reflect Plaintiff's work hours and compensation. Plaintiff, through counsel, reviewed and analyzed these records and prepared minimum wage and overtime calculations based on Plaintiff's recollection of hours worked and applicable statutory rates. Defendants disputed Plaintiff's assumptions and challenged the reliability





of his estimates, contending that the documentary records materially reduced or eliminated liability.

On December 5, 2025, Defendants filed a Notice of Settlement. On December 10, 2025, Magistrate Judge Andre M. Espinosa ordered the parties to file a motion for final approval by January 9, 2026.

II. LEGAL STANDARD FOR APPROVAL OF FLSA SETTLEMENTS

Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts may approve a private settlement of FLSA claims where the agreement reflects a fair and reasonable resolution of a bona fide dispute.

Courts in the District of New Jersey consider whether:

1. A bona fide dispute exists as to liability or damages;
2. The settlement was reached through arm's-length negotiations by experienced counsel;
3. The settlement reflects a reasonable compromise of disputed issues; and
4. The agreement is not the product of fraud or collusion.

See *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2–3 (D.N.J. Mar. 26, 2012).

III. A BONA FIDE DISPUTE EXISTS

This action presents a classic bona fide wage-and-hour dispute.

Plaintiff alleged that he routinely worked in excess of forty (40) hours per week without receiving proper overtime compensation and that Defendants failed to maintain accurate records of his hours. Defendants denied these allegations and asserted that Plaintiff was paid in accordance with the law.





During settlement negotiations, Defendants produced time sheets and payroll records that they contended accurately reflected Plaintiff's hours worked. Plaintiff disputed the completeness and accuracy of these records, maintaining that they did not capture all hours worked, including extended shifts and uncompensated overtime.

The parties also disputed:

- The number of compensable hours worked per week;
- The applicable minimum wage and overtime rates across multiple calendar years;
- Whether Plaintiff could satisfy his burden of proof at trial given the documentary records produced; and
- The availability and amount of liquidated damages.

Because Defendants contested Plaintiff's recollection of hours and relied on employer-maintained records, Plaintiff faced a real risk that a factfinder could credit Defendants' evidence and significantly reduce or eliminate recovery. These disputes are precisely the type contemplated by *Lynn's Food* and support judicial approval of a negotiated compromise.

IV. THE SETTLEMENT IS FAIR AND REASONABLE
*A. The Settlement Reflects a Reasonable Compromise*

Under the Settlement Agreement, Defendants will pay $8,000.00 to fully resolve Plaintiff's claims. This amount reflects a compromise reached after consideration of:

- Defendants' documentary evidence;
- The disputed nature of Plaintiff's damages calculations;
- The burden of proving hours worked through testimony alone;
- The risk of an adverse credibility determination at trial; and
- The time, expense, and delay associated with continued litigation.

While Plaintiff maintains that he could have recovered more had he prevailed on all claims at trial, the settlement provides certain, immediate compensation and avoids the substantial risk that recovery could be reduced or denied altogether.





Courts routinely approve FLSA settlements where plaintiffs accept less than their maximum theoretical recovery in exchange for certainty and finality. See *Brumley*, 2012 WL 1019337, at *8*.

*B. The Settlement Was Reached Through Arm's-Length Negotiations*

The settlement was negotiated by experienced wage-and-hour counsel after litigation had commenced and after Defendants produced payroll and time records. There is no evidence of fraud, coercion, or collusion. The parties engaged in adversarial negotiations and compromised based on the strengths and weaknesses of their respective positions.

*C. The Settlement Serves the Interests of Judicial Economy*

Approval of the settlement will conserve judicial resources by avoiding discovery disputes, dispositive motion practice, and trial. This consideration weighs strongly in favor of approval, particularly in a single-plaintiff FLSA action involving disputed proof of hours and damages.

V. ATTORNEYS' FEES AND COSTS

The settlement amount includes attorneys' fees and costs negotiated as part of a global resolution. Plaintiff was represented on a contingency basis and understands and agrees to the fee arrangement.

Courts in this District regularly approve FLSA settlements that include attorneys' fees as part of a lump-sum settlement where the total amount is fair and the settlement was negotiated at arm's length. See *Brumley*, 2012 WL 1019337, at *12–13*.

42 BROADWAY, 12TH FLOOR NEW YORK NY 10004
212-832-1000





VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA and NJWHL; and
2. Dismiss this action with prejudice.