**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIAL HERNANDEZ, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GAO ENTERPRISES LLC, KOSON SILLPSITTE, AND VARAPHOL AMMATATHONGCHAI,<br><br>Defendants. | Civil Action No.: 25-1028<br><br>**MEMORANDUM OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court upon the unopposed motion of plaintiff Marcial Hernandez ("Plaintiff") to approve the settlement reached between the Parties in December 2025. ECF No. 21. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). It appearing that:

1. Plaintiff is a former employee of defendants GAO Enterprises LLC, Koson Sillpsitte, and Varaphol Ammatathongchai (collectively, "Defendants") where he worked from approximately January 2010 until January 2024 as a cook. ECF No. 1 ("Compl.") ¶¶ 4, 14.

2. Plaintiff filed a complaint, on behalf of himself and a proposed class, against Defendants on February 2, 2025, in which he alleged that Defendants did not pay minimum or overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"). *See* Compl.

3. The Parties engaged in settlement negotiations and notified the Court of an agreement

(the "Settlement") regarding Plaintiff's individual claim on December 5, 2025. ECF No. 19. The claims asserted in this action have been settled for $8,000, which includes attorneys' fees and costs. ECF No. 21 at 3–4.

4. The Court approves the Settlement because, as explained below, the compromise reached (1) resolves a bona fide dispute; (2) is fair and reasonable to the Parties; and (3) will not frustrate the implementation of the FLSA in the workplace. Further the Court approves the Settlement's provision for payment of attorneys' fees and costs as reasonable.

5. First, the compromise reached resolves a bona fide dispute of Plaintiff's claims for unpaid wages. Plaintiff alleges that Defendants failed to pay Plaintiff wages as required by the FLSA. *See* Compl. In contrast, Defendants denied those allegations in their answer to the complaint. *See* ECF No. 13. For these reasons, there is a bona fide dispute between the Parties.

6. Second, the Settlement is fair and reasonable to the Parties. Under the terms of the Settlement, Defendants will pay Plaintiff a total of $8,000.00 inclusive of attorneys' fees and costs. Plaintiff accepted the terms of the Settlement as a reasonable compromise for Plaintiff's claims. ECF No. 21-1. All Parties have been represented by counsel in this litigation, and negotiations were at arm's length. *Id.* Based on these factors, the Court determines that the Settlement is fair and reasonable to the Parties.

7. Third, the terms of the Settlement further the purpose of the FLSA. Under the Settlement, Plaintiff is receiving allegedly unpaid wages. Moreover, a copy of the Settlement, ECF No. 21-2, has been filed on the public docket in recognition of the "strong presumption that FLSA settlements should be available for public view." *Kwitter v. JF Hillebrand USA,*

*Inc.*, No. 21-3519, 2022 WL 357046, at *2 (D.N.J. Feb. 4, 2022) (quoting *Lyons v. Gerhard's Inc.*, No. 14–06693, 2015 WL 4378514, at *3 (E.D. Pa July 16, 2015)).

8. The Court also approves the Settlement's provision for payment of attorneys' fees and costs. Under a 33.33 percent contingency fee arrangement between Plaintiff and his counsel, Plaintiff will pay his counsel $2,666.40 in fees. ECF No. 23 ¶¶ 6, 8. Additionally, Plaintiff will reimburse his counsel $1,701.60 in litigation costs for the filing fee and service of process. *Id.* ¶ 7. "The percentage-of-recovery method has been accepted as an established approach to evaluating the award of attorneys' fees in the Third Circuit." *Kwitter*, 2022 WL 357046, at *2 (cleaned up). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *See In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-6820, 2014 WL 911718, at *4 (E.D. Pa. Mar. 7, 2014). Here, the contingency fee arrangement is 33.33 percent which "falls within the range of reasonable allocations in the context of awards granted in other, similar cases." *Kwitter*, 2022 WL 357046, at *2. A lodestar cross-check also supports the approval of attorneys' fees. Plaintiff's counsel spent 16.41 hours prosecuting this case, in which 16.29 hours were billed at the reasonable rate of $450 per hour and .12 hours were billed at the reasonable rate of $400 per hour. ECF No. 23 ¶¶ 11–12; *see Chen v. Ron Hibachi Grill Supreme Buffet Inc.*, No. 23-2591, 2024 WL 4906033, at *7 (D.N.J. Nov. 27, 2024) (finding similar rates reasonable in FLSA cases). The lodestar amount is therefore $7,378.50, ECF No. 23 ¶ 12, which is "an amount higher than the actual [$2,666.40 in] fees requested, yielding a lodestar multiplier of less than one." *Chen*, 2024 WL 4906033, at * 7. Accordingly, the award of attorneys' fees is reasonable. Plaintiff's reimbursement of $1,701.60 in costs for the filing fee and service

of process is also reasonable. *See, e.g.*, *id.* at *8 (stating that these "categories of costs are typical in FLSA cases").

Accordingly, for the reasons stated above, **IT IS** on this 28th day of October, 2026;

**ORDERED** that Plaintiff's motion for settlement approval, ECF No. 21, is **GRANTED** and the Parties' Settlement is hereby **APPROVED** as to all terms of the agreement; and it is further

**ORDERED** that the Settlement's provision for payment of attorneys' fees and costs is hereby **APPROVED**; and it is further

**ORDERED** that this action is **DISMISSED WITH PREJUDICE;** and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** the case.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**